Howard COPELAN, dba the High Desert Advocate, Plaintiff—Appellant,

and

Advocate Publishing Company, Plaintiff,

v.

Randy CROASMUN; Gene McGilvery; William Cunningham; Elko County Sheriff's Office, Defendants—Appellees.

No. 02–17015.

D.C. No. CV–01–0313–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.[*]

Decided Dec. 10, 2003.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Andre Boles, Law Office of James Andre Boles, Reno, NV, for Plaintiff–Appellant.

John E. Lambert, Armstrong Lambert & Kidwell, Elko, NV, Thomas P. Beko, Erickson Thorpe & Swainston Ltd., Reno, NV, for Defendant–Appellees.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Plaintiff–Appellant Howard Copelan appeals an order of the district court granting summary judgment in favor of Defendant–Appellee Randy Croasmun in his suit filed under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"); *Axess Int'l, Ltd. v. Intercargo Ins. Co.,* 183 F.3d 935, 938 (9th Cir. 1999) (exercising jurisdiction pursuant to § 1291 where the district court granted summary judgment on the federal claim and dismissed without prejudice the remaining state law claims).

We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact, and whether the district court properly applied the relevant substantive law. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003). Viewing the facts in the light most favorable to Copelan, the execution of the writ in this case satisfies the two-part test set forth in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), to determine whether private conduct may be attributable to the state.[1]

■ In seizing Copelan's property, Croasmun was exercising a right created by the state of Nevada. The writ was issued by the state court and commanded the sheriff of Elko County to satisfy the judgment, *see* Nev.Rev.Stat. 21.020 (requiring a writ of execution to be issued in the name of the State of Nevada, sealed with the seal of the court, and directed to the sheriff), and the sheriff served Copelan with a notice of execution, as required by Nevada Revised Statute 21.075. Furthermore, Croasmun "obtained significant aid from state officials" in seizing Copelan's property. *Lugar,* 457 U.S. at 937. Croasmun could not have seized Copelan's property without the sheriff, who served the notice, and without whose authority Croasmun could not have acted. *Cf. id.* at 941 (stating that the Supreme Court has "consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment"); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1266–67 (3d Cir.1994) (holding that a judgment creditor who uses a state "procedure for executing on a confessed judgment acts under color of law and becomes a state actor under *Lugar*" because "writs of execution and attachment involve actions by state officials that plainly involve or threaten the use of legal force"). Thus, the deputies' actions in serving the writ, authorizing the seizure, and, if true, not allowing Copelan's wife to summon Copelan to the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

office are sufficient to establish for summary judgment purposes that Croasmun was acting under color of state law.

"In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.' " *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir.1994)) (alterations in the original). Because "[d]irect evidence of improper motive ... to violate a plaintiff's constitutional rights will only rarely be available[,] ... it will almost always be necessary to infer [motive] from circumstantial evidence." *Id.* at 1302.

■ Copelan's evidence in support of his allegations regarding the timing of the execution of the writ,[2] McGilvery's presence when Croasmun executed the writ, and the unnecessarily destructive manner in which the writ was executed constitute sufficient evidence to raise genuine issues of material fact as to whether Croasmun possessed an improper motive to suppress Copelan's speech. Summary judgment therefore was inappropriate. *See id.* (stating that a person's state of mind is generally a factual issue unsuitable for resolution by summary judgment). The judgment of the district court granting summary judgment in favor of the defendants is reversed and the case remanded

to the district court for further proceedings in accordance with this disposition.

**REVERSED and REMANDED.**

---

**2.** Croasmun asserts that the timing of the issuance of the writ is entirely in the hands of the sheriff. Nevada Revised Statute 21.010 provides that a party who obtains a judgment "may, at any time before the judgment expires, obtain the issuance of a writ of execution for its enforcement." Thus, although the execution of the writ may be in the hands of the sheriff, this record presents an insufficient basis from which to determine the extent of influence and control the judgment creditor exercised over the timing of the issuance of the writ.